NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CEDRIC GREENE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1551

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00014-KCD, Judge Kathryn C. Davis.

---

Decided:  August 16, 2023

---

CEDRIC GREENE, Los Angeles, CA, pro se.

DANIEL F. ROLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges.*

Per Curiam.

In January 2023, Mr. Greene filed a complaint in the United States Court of Federal Claims (Claims Court) alleging the United States District Court for the Eastern District of California violated his First Amendment rights and committed slander by sending him mail that referred to him as a "Vexatious Litigant." Appx. 21.[1] The Claims Court concluded it lacked subject-matter jurisdiction over the alleged First Amendment violations and tort claims and dismissed the complaint. *Id.* Mr. Greene subsequently filed a motion for reconsideration to vacate the judgment and amend his complaint, seeking to pursue a different claim, this time for breach of an implied contract by the United States government. Appx. 18–20. Specifically, it appears Mr. Greene claims he had an oral agreement with an unnamed employee at the United States Court of Appeals for the Ninth Circuit to transfer a case of his, but the Ninth Circuit instead remanded his case to district court. Appx. 22. The proposed amended complaint did not identify in what way the unnamed court employee had authority to bind the government in contract, let alone any of the other conditions for establishing an implied contract. *See, e.g., Lewis v. United States*, 70 F.3d 597, 600 (Fed. Cir. 1995). The Claims Court denied his motion because it concluded Mr. Greene's proposed amendment was futile. Appx. 22–23. Mr. Greene appealed the denial of his motion.[2]

We do not discern any abuse of the Claims Court's discretion in denying Mr. Greene's motion. *See Renda*

---

[1] "Appx." citations are to the appendix filed concurrently with Appellee's brief.

[2] Mr. Greene also filed a motion we construe as a motion for change of venue. ECF No. 10. We deny his motion but note Mr. Greene is free to file his complaint in another appropriate court.

*Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007) (explaining that both a motion for leave to amend a complaint and a motion for reconsideration are reviewed for abuse of discretion). We agree with the court (Appx. 22–23) that Mr. Greene's motion failed to describe "a non-frivolous allegation of a contract with the government," *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis omitted), and that given the insubstantial nature of Mr. Greene's implied contract allegation, the amended complaint would have been futile, *see Lewis*, 70 F.3d at 603. Accordingly, the Claims Court did not abuse its discretion in denying Mr. Greene's motion.

**AFFIRMED**